## SMITH et v SUMMIT COUNTY COMMISSIONERS et

Ohio Appeals, 9th Dist, Summit Co
No 1823.   Decided May 14, 1930

Waters, Andress, Hagelbarger, Wise & Maxson, Akron, for Smith, et.

Don Isham, Prosecuting Attorney, W. A. Spencer, Assistant Prosecuting Attorney, and Mottinger & Evans, all of Akron, for Commissioners.

## PER CURIAM

This improvement is being made by public authorities in accordance with and in the method pointed out by the general assembly. It is being made by them for a public purpose for the benefit of the people who own real estate in the two sewer districts hereinbefore referred to, including the owners of property abutting upon said highway; and the laying of the water line in the road and beneath the surface will not interfere with plaintiff's access to his property nor with the other incidental rights which their property has in connection with said road.

It is conceded that abutting owners on streets in municipal corporations, as well as on country highways, have certain rights which cannot be interfered with by the public unless compensation therefor is made; such as the right of ingress and egress and of air, light and view.

It is true that when highways were first created they were used for purposes of travel only; but when the territoy through which a highway extended became thickly populated, public health and convenience demanded sewer and water facilties, and the courts very properly held, in certain instances, that it was contemplated that when the necessity arose the highways could be used for the purpose of providing such facilities and that such use was a proper highway one and did not constitute another additional burden.

The cases so holding were ones where the territory involved had been organized into or annexed to a municipal corporation, and it is settled that as to highways within a municipal corporation the public has a right, without compensation to owners of abutting property, to use the highways for any public improvement, so long as the abutting owners' right of access to his property and his light, air and view are not interfered with.

The logic of these decisons is that when the highways were acquired it was not expected that conditions would always remain the same but that there would be progress and development and that when, by reason thereof, it becomes necessary and desirable, the people, through the legislature, have the power to create agencies to protect and

promote the public health, welfare and convenience, and that the creation of municipal corporations and the use of the highways therein for sewer and water purposes is a proper exercise of that power.

For the purpose of providing for sewer and water improvements, which are well known municipal functions, the legislature authorized the creation of the districts in question, and when, pursuant to such legislative authority, the county commissioners organized this territory into said improvement district for said purposes, it had the same effect, in law, so far as the right of the public to use the highways for such improvements is concerned, as would have been accomplished if the territory had been organized into or annexed to a municipal corporation.

We hold that the creation, pursuant to legislative authority, of sewer and water districts, and the use of the highways therein for sewer and water purposes, is a proper exercise of such power, and that it is reasonbale to conclude that when this highway was acquired by the public it was contemplated that if conditions developed such as now exist, such highways would be put to the use now proposed—that is, the laying of water pipes therein by the public authorities for the purpose of promoting the health and supplying the wants of the people.

We are unanimously of the opinion that the use to which the public authorities intend to put said highway is not an additional burden cast upon the owners of the fee and is a proper highway use, and does not violate any of the property rights of the plaintiffs.

A decree may therefore be drawn, dismissing the petition of the plaintiffs at their costs.

Funk, PJ., Pardee, J., and Washburn, J., concur.